IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN RIVERA CUEBAS, et al.<br><br>**Plaintiffs(s)**<br><br>v.<br><br>PEDRO TOLEDO DÁVILA, et al.<br><br>**Defendant(s)** | **CIVIL NO.** 07-1835 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before this Court are two Motions to Dismiss (Docket Nos. 25, 33). For the reasons set forth below, the court **GRANTS** in part and **DENIES** in part Motion to Dismiss (Docket No. 25) and **DENIES** Motion to Dismiss (Docket No. 33).

**FACTUAL AND PROCEDURAL BACKGROUND**

The present suit was filed on October 14, 2007 by Plaintiffs Edwin Cuebas Rivera ("Edwin"), Ana María Rivera Maldonado ("Rivera Maldonado") and Devens Cuebas Rivera ("Devens"). As her sole heir, Rivera Maldonado represents her deceased son Edwin in an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). The suit also joins actions by Rivera Maldonado and Devens pursuant to Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (2006) ("Article 1802"). In it, Plaintiffs Rivera Maldonado and her

Civil No. 07-1835 (JAG)                                              2

daughter Devens seek to recover compensatory damages for pain and suffering due to the loss of their son and brother, respectively. Rivera Maldonado also represents her daughter Devens, who is a minor.

In the Second Amended Complaint ("Complaint") (Docket No. 39) Plaintiffs allege that on November 12, 2006, Edwin was arrested by Defendants Victor Santiago ("Santiago") and Richard Doe after Rivera Maldonado called the police denouncing that Edwin was threatening her with a knife. According to the Complaint, Rivera Maldonado explained to these Defendants that her son was mentally ill and that he had recently attempted suicide. It also alleges that Santiago had intervened with Edwin in the past for the same reason. Edwin was subsequently taken to the Salinas Police Headquarters. He was placed in a cell after his shoes and belt were removed. At some point during that night Edwin committed suicide.

In the action pursuant to Section 1983 Plaintiffs allege that Edwin's constitutional and civil rights were violated by the officers who arrested him and their superiors. Plaintiffs' action is against them in their personal capacity. The Complaint alleges that he was not properly monitored while being held in custody, as he should have, by the officers who were aware he was suicidal. Plaintiffs allege that his cell was not adequately monitored even though the police officers who arrested Edwin and who monitored him knew he was mentally ill and had recently attempted suicide.

Plaintiffs also allege that Defendants Pedro Toledo Dávila,

Civil No. 07-1835 (JAG)                                                3

("Toledo"), who was at the time Superintendent of the Puerto Rico Police Department ("PRPD"), and Alejandro Figueroa Figueroa ("Figueroa"), who was at the time Commander of the Guayama subdivision of the PRDR, failed to devise and implement regulations regarding the supervision of detainees with psychiatric disorders and suicidal tendencies. Plaintiffs further allege that Toledo and Figueroa failed to control the cell design at the quarters because cells at the Salinas Police Headquarters were not visible from the post of the officer in charge of the detainees. Plaintiffs also allege that Toledo and Figueroa were responsible for the adequate training and supervision of the policemen in charge of detainees with psychiatric disorders.

Furthermore, Plaintiffs allege that Defendants José M. Burgos Munero ("Burgos"), who was in charge of detainees at the Salinas Police Headquarters the night Edwin took his life, Santiago and Richard Doe, who arrested Edwin, and John Roe[1] and Richard Roe, who were policemen or sergeants in charge of the Salinas Headquarters, were all aware of the lack of security and surveillance in the cell block.

On April 7, 2008, Defendants Toledo and Figueroa moved to dismiss the Complaint pursuant to Fed.R.Civ.Proc. 12(b)(6). (Docket No. 25). On October 22, 2008, Defendant Burgos joined the Motion to Dismiss. (Docket No. 41). Defendants Toledo, Figueroa and Burgos

---

[1] Defendant John Roe is not mentioned under neither the First or the Second cause of action.

Civil No. 07-1835 (JAG)                                                4

essentially contend that the Complaint must be dismissed because: (1) Plaintiffs Rivera Maldonado and Devens lack standing under Section 1983; (2) the Complaint does not state a cause of action under Section 1983; (3) there is no supervisory liability under Section 1983; (4) in the alternative, Defendants Toledo, Figueroa and Burgos are entitled to qualified immunity; and, (5) the supplemental claims under Article 1802 should be dismissed.

On April 22, 2008, Plaintiffs filed an Opposition to the Motion to Dismiss. (Docket No. 28). In it they: (1) acknowledge that Plaintiff Rivera Maldonado and Devens have no standing to sue under Section 1983, but that said claim is correctly brought by Edwin's sole heir, Rivera Maldonado; (2) contend that Edwin's claim under Section 1983 is for violations of his Due Process Rights under the Fourteenth Amendment; and, (3) contend that qualified immunity does not protect defendants because they were deliberately indifferent to Edwin's suicide risk.

On August 11, 2008, Defendants Santiago, Richard Doe, John Roe and Richard Roe submitted another Motion to Dismiss. (Docket No. 33). In it these Defendants contend that the Complaint must be dismissed pursuant to Fed.R.Civ.Proc. 4(m) for failure to serve upon them the summons within 120 days since the Complaint was filed. On August 15, 2008, Plaintiffs filed a Response in Opposition. (Docket No. 34). In it they allege that discovery proceedings have yet to begin, but that they have made efforts to obtain the names of the unknown defendants.

## STANDARD OF REVIEW

A. <u>Motion to Dismiss Standard</u>

In <u>Bell Atl. Corp v. Twombly</u>, 127 S.CT 1955 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe Inc.</u>, 490 F.3d 92 (1st Cir. 2007) (quoting <u>Twombly</u> 127 S.Ct. at 1967). While <u>Twombly</u> does not require heightened fact pleading of specifics, it does require enough facts to nudge [Plaintiffs'] claims across the line from conceivable to plausible." <u>Twombly</u>, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, Plaintiffs must provide the grounds upon which their claims rest through factual allegations sufficient "to raise a right to relief above speculative level." <u>Id.</u> at 1965.

The Court accepts all factual pleaded allegations as true, and draws all reasonable inferences in Plaintiffs' favor. See <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). When opposing a rule 12(b)(6) motion, "a Plaintiff cannot expect the trial court to do his homework for him." <u>McCoy v. Massachusetts Institute of Tech.</u>, 950 F.2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will

support their claim. Id. at 23 (quoting Correa-Martinez v. Arrillaga-Belendez, 302 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

**DISCUSSION**

A. Plaintiffs Rivera Maldonado and Devens's standing to sue under Section 1983

Plaintiffs concede that Rivera Maldonado and Devens lack standing under Section 1983 to sue for monetary compensation for the pain and suffering they endured as a consequence of Edwin's death. (Docket No. 28, p. 2). They wisely conceded the point. It is well established that, as a general rule, a third-party lacks standing to bring an action under Section 1983. Elk v. Grove Unified School Dist. v. Newdown, 542 U.S. 1, 13 (2004). On the other hand, Plaintiffs correctly point out that Rivera Maldonado has standing to bring Edwin's suit, since she is his only heir under Puerto Rico estate law. Federal courts look to state law to determine if an action under Section 1983 survives the death of the injured party. Rossi-Cortes v. Toledo-Rivera, 540 F.Supp.2d 318, 327 (D.P.R. 2008). Even though Rivera Maldonado and her daughter Devens lack standing to sue for their own pain and suffering, Rivera Maldonado has standing to bring her son's action under Section 1983 because she inherited his cause of action. Defendants'

Motion to Dismiss on the grounds that Plaintiffs lack standing is **GRANTED** in PART as to Plaintiffs Rivera Maldonado and Devens and **DENIED** in PART as to Plaintiff Edwin.

B. <u>Plaintiff Edwin's failure to state a claim under Section 1983</u>

Defendants Toledo, Figueroa and Burgos contend that Plaintiffs failed to specify in the Complaint which of Edwin's constitutional rights was violated. However, in their Opposition to Defendants' Motion to Dismiss, Plaintiffs contend that Edwin's Due Process rights under the Fourteenth Amendment were violated. (Docket No. 28, p. 4). Defendants correctly point out that Section 1983, "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and the federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 144, n.3 (1979). In <u>Baker</u>, the Supreme Court stated that in a Section 1983 claim the first inquiry is whether the plaintiff was deprived of a right protected by the Constitution or the laws of the United States. <u>Id.</u> at 140. The Supreme Court then proceeded to presume that the plaintiff's "false imprisonment action" was based on the Fourteenth Amendment. The Court said, "[b]ecause respondent's claim and the Court of Appeals' decision focus exclusively on respondent's prolonged detention caused by petitioner's failure to institute adequate identification procedures, the constitutional provision allegedly violated by petitioners' action is presumably

Civil No. 07-1835 (JAG)                                                    8

the Fourteenth Amendment's protection against deprivations of liberty without due process of law." Id. at 142.

In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court reiterated the idea that in actions under Section 1983 courts must identify the constitutional right that was allegedly violated. In Graham, the complaint alleged a violation of the Fourteenth Amendment. However, the Court found that it was in fact a violation of the Fourth Amendment, something the Plaintiff had not alleged. The Court said, "[i]n addressing an excessive force claim brought under §1983, the analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Id. at 394 (citing Baker v. McCollan, 443 U.S. 137, 140 (1979)). Also, in Daniels v. Williams, 474 U.S. 327, 337 (1986) the Supreme Court stated, "[w]e should begin by identifying the precise constitutional claims that petitioners have advanced."

Pursuant to Baker, this Court must begin its analysis by identifying the specific constitutional right allegedly infringed.[2]

---

[2] Leaving Courts to identify the specific constitutional violation is not desirable. The First Circuit has stated, "[j]udges are not expected to be mind readers. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (internal quotation marks and citations omitted). In this case, however, dismissal is not warranted because of Plaintiff's failure to identify the specific constitutional violation. Dismissal is a severe sanction and should not be imposed without good reason. Velazquez-Linares v. U.S., 546 f.3d 710, 711 (1st Cir. 2008).

The First Circuit has stated that, "[b]y 1986 it was clearly established that police officers violate the fourteenth amendment due process rights of a detainee if they display a 'deliberate indifference' to the unusually strong risk that a detainee will commit suicide." Bowen v. City of Manchester, 966 F.2d 13, 16 (1st Cir. 1992). Therefore, deliberate indifference towards a detainee's risk of suicide has been established as a violation of a detainee's Due Process rights under the Fourteenth Amendment.

Even when Plaintiffs failed to expressly state under which constitutional provision they seek relief, if their factual allegations are taken as true it must be concluded that they bring a claim under the Due Process Clause of the Fourteen Amendment. This Court finds that Plaintiff's Complaint contains sufficient factual allegations to raise his right to relief under the Fourteenth Amendment above speculative level. Defendants' Motion to Dismiss on the grounds that the Complaint does not state a cause of action must be **DENIED.**

C. Defendants Toledo and Figueroa's lack supervisory liability

Plaintiffs argue that Defendants Toledo and Figueroa are responsible for Edwin's death because they were in charge of developing and implementing policies to manage the mentally ill and suicidal detainees held in cell blocks at police headquarters. Plaintiffs also allege that Toledo and Figueroa were in charge of supervising the physical design of the cells to comply with minimum

Civil No. 07-1835 (JAG)                                              10

requirements to safeguard the health of detainees. However, Defendants correctly point out in their Motion to Dismiss that in actions brought under Section 1983, liability may not be based on *respondeat superior*[3] but only on the supervisor's own wrongful acts or omissions. (Docket No. 25, p. 8). See Whitfield v. Melendez-Rivera, 431 F.3d 1 (1st Cir. 2005). Supervisory liability is based on more that the right to control employees. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Supreme Court has yet to provide clear guidelines on how to ascertain supervisory liability. The First Circuit has established that absent participation in the challenged conduct, a supervisor can be liable only if a subordinate committed a constitutional violation and the supervisor's action or inaction was 'affirmatively linked' to the violation in that it constituted supervisory encouragement, condonation, acquiescence, or gross negligence amounting to deliberate indifference. See Pinneda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (citing Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)); Bisbal-Matos v. City of Mayaguez, 467 F.3d 16, 25 (1st Cir. 2006). The Complaint does not allege neither Toledo's nor Figueroa's personal involvement or participation in the challenged conduct. Neither does it allege their encouragement, condonation,

---

[3]According to Black's Law Dictionary (8th Ed. 2004) *respondeat superior* is, "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts commited within the scope of the employment or agency."

Civil No. 07-1835 (JAG)                                                      11

acquiescence or deliberate indifference of the alleged constitutional violation.

Plaintiffs also allege that Defendants Toledo and Figueroa failed to adopt and implement policies of adequate training for the handling of mentally ill and suicidal detainees. Under current law, a supervisor may be found liable under Section 1983 based on a claim of inadequate training where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact and where the identified deficiency in a city's training program is closely related to the ultimate injury." Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). Claims of inadequate training require proof that the failure to train was a policy or deliberate choice made by the supervisors and that there is a direct link between the Defendants' inaction and the constitutional violation. Bowen, 966 F.2d at 18. Plaintiffs have not alleged that suicides were widespread in PRPD's headquarters and Edwin's suicide alone is not sufficient to show that Defendants Toledo and Figueroa deliberately failed to train policemen or that they were deliberately indifferent to an identified deficiency that led to suicides. See Id.

Plaintiff's allegations are insufficient to defeat Defendant Toledo and Figueroa's Motion to Dismiss. Toledo and Figueroa's Motion to Dismiss is **GRANTED** on the grounds that there is no

Civil No. 07-1835 (JAG)                                                12
superior's liability under Section 1983.

D. <u>Defendant Burgos's right to qualified immunity</u>

The defense of qualified immunity shields "public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) (internal quotations omitted). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." <u>Bowen</u>, 966 F.2d at 16 (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)).

Therefore, the first step to ascertain if Burgos is entitled to a defense of qualified immunity is whether Plaintiffs' allegations claim a violation of clearly established law. Again, the First Circuit has stated that, "[b]y 1986 it was clearly established that police officers violate the fourteenth amendment due process rights of a detainee if they display a 'deliberate indifference' to the unusually strong risk that a detainee will commit suicide." <u>Id.</u> at 16.

A plaintiff may establish deliberate indifference by showing: (1) an unusually serious risk of self inflicted harm; (2) defendant's actual knowledge of (or at least willful blindness) the elevated risk; and, (3) defendant's failure to take obvious steps to address the serious risk. Finally, the risk, the knowledge, and the failure to do the obvious, taken together, must show that a

Civil No. 07-1835 (JAG)                                                13

defendant was "deliberately indifferent" to the harm that followed. Id. at 17 (citing Manarite v. Springfield, 957 F.2d 953, 956 (1st Cir. 1992)). To establish deliberate indifference Plaintiffs must show that the Defendant had knowledge, or willfully turned his back on a serious suicide risk. DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991).

This Court considers that the Complaint alleges sufficient facts to defeat Burgos's Motion to Dismiss. Accepting all factual pleaded allegations as true and drawing all reasonable inferences in Plaintiffs' favor it may be concluded that Burgos was deliberately indifferent to Edwin's suicide risk. The Complaint alleges he was in charge of the detainees at the Salinas Police Headquarters the night Edwin took his own life, that he was aware of the likelihood that Edwin might commit suicide and that he did not take the obvious steps to prevent it. Therefore, Defendant Burgos's Motion to Dismiss on the grounds of qualified immunity must be **DENIED.**

E. Service of summons upon Santiago and unknown defendants

Defendants Santiago and the unknown defendants presented a Motion to Dismiss pursuant to Fed.R.Civ.Proc. 4(m). Under Fed.R.Civ.Proc. 4(m) failure to serve a defendant within 120 days after the complaint without showing "good cause" leaves the dismissal of the lawsuit without prejudice to the discretion of the district court. Figueroa v. Rivera, 147 F.3d 77, 83 (1st Cir.

Civil No. 07-1835 (JAG)                                          14

1998). Under the current rules, if "good cause" is shown then district courts must grant an extension and, if none is shown, it is discretionary whether to dismiss or not.

Where unknown defendants exist, however, courts must take into account a plaintiff's good faith investigation to determine if "good cause" exists not to comply with Fed.R.Civ.Proc. 4(m). "As a general matter a plaintiff may bring suit against a fictitious or unnamed party where a good faith investigation has failed to reveal the identity of the relevant defendant and there is a reasonable likelihood that discovery will provide that information. Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007); Bivens v. Six Unknown Named Agents, 403 U.S. 338 (1971). As the First Circuit pointed out in Martinez-Rivera, "the practice is particularly common in cases of alleged police brutality, where a plaintiff may be aware of the nature and cause of the injury but not the identity of the perpetrators, and has no realistic means of obtaining the information outside the discovery process". Martinez-Rivera 498 F.3d at n.5.

Even though the instant case is clearly not a police brutality case, it is one where Plaintiffs are not aware of the identity of all the police officers involved in the alleged constitutional violation and have shown to have no realistic means of obtaining the information before discovery begins. Plaintiffs contend in their Response in Opposition that they have sought to obtain the names of the unknown defendants and have been unable to do so

Civil No. 07-1835 (JAG)                                        15

because they have encountered resistance from the PRPD. (Docket No. 34). They point to the fact that they required and obtained the aid of this Court to obtain the full name, badge number and address of codefendant Burgos. (Docket No. 24). Furthermore, Plaintiffs contend that, after asking around Salinas for his address, they had to personally go to defendants Santiago's house in order to obtain his full name. They contend that it was only then that they could substitute him for John Doe in the Second Amended Complaint. (Docket No. 34, p. 3). Santiago was duly served with summons on November 17, 2008. (Docket No. 51-2, p. 2).

This Court considers that Plaintiffs have shown good cause for their failure to identify the unknown defendants. They are correct in pointing out that in this case only discovery proceedings will provide them with the means to obtain the names of the remaining unknown defendants. Plaintiffs' allegations of good faith attempts at disclosing the names are sufficient to **DENY** Santiago and unknown defendants' Motion to Dismiss. (Docket No. 33).

F. The supplemental claims under Article 1802

In this case, where a district court has original jurisdiction over a claim in the action, it may exercise supplemental jurisdiction over additional claims arising from the same case or controversy. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)). The exercise of supplemental jurisdiction is within this

Civil No. 07-1835 (JAG)                                          16

Court's discretion. United Mine Workers at 726. Usually, when the claim over which a district court has original jurisdiction is dismissed, the court also declines to exercise supplemental jurisdiction over the state law claims. See McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 73-4 (1st Cir. 2003).

In the exercise of its discretion, this Court hereby dismisses the supplemental state law claim under Article 1802 against Defendants Toledo and Figueroa because it has dismissed the Section 1983 claims against said defendants. The supplemental state law claims will remain as to all other defendants.

## CONCLUSION

For the reasons stated above, Motion to Dismiss (Docket No. 25) is **GRANTED** with respect to Defendants Toledo and Figueroa and **DENIED** with respect to Defendant Burgos.  Motion to Dismiss (Docket No. 33) is **DENIED** in its entirety.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March 2009.

                                S/Jay A. García-Gregory
                                JAY A. GARCÍA-GREGORY
                                United States District Judge